## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RANDY ROGERS,

       Petitioner,                              Civil No. 05-CV-71343-
                                                  HONORABLE VICTORIA A ROBERTS
v.                                     UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

       Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS WHILE ADMINISTRATIVELY CLOSING THE CASE AND DENYING THE MOTION FOR APPOINTMENT OF COUNSEL

Randy Rogers ("Petitioner"), presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for three counts of assault with intent to rob while armed, Mich.Comp.Laws § 750.89; felon in possession of a firearm, Mich.Comp.Laws §750.224f; and possession of a firearm during the commission of a felony, Mich.Comp.Laws §750.227b.   Petitioner has now filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that are not included in his current habeas petition, including newly discovered evidence, actual innocence, ineffective assistance of trial and appellate counsel, and violation of the right to confrontation.  Petitioner has also moved for the appointment of counsel.  For the

reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings to permit petitioner to return to the state courts to exhaust his additional claims. The stay is conditioned on fulfillment of the terms outlined below. Should Petitioner fail to comply with the terms, the petition shall be dismissed without prejudice. The Court will also administratively close the case. The Court will deny the motion for the appointment of counsel.

## I. Background

Petitioner was convicted by jury of the above offenses in the Wayne County Circuit Court on January 10, 2002. On January 28, 2002, petitioner was sentenced to 18 years 9 months to 60 years on each of the robbery convictions, concurrent to 3 years to 7 ½ years on the felon in possession conviction, and consecutive to 2 years for the felony firearm conviction.

Petitioner, through counsel, filed an appeal as of right with the Michigan Court of Appeals, which affirmed in an unpublished per curiam opinion on October 14, 2003. *People v Rogers*, 240838 (Mich.Ct.App. October, 14, 2003). On April 30, 2004, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v Rogers,* 470 Mich. 859, 679 N.W.2d 700 (2004).

On April 7, 2005, petitioner filed a petition for writ of habeas corpus, seeking habeas relief on the grounds raised in the Michigan Court of Appeals, now stated as:

I.      The trial court committed reversible error by misinstructing the jury with the

2

specified felony requirements of MCL 750.224f(2), for this non-specified felony (receiving and concealing stolen property), pursuant to MCL 750.224f(1).

II.     The prosecution presented insufficient evidence to prove beyond a reasonable doubt the assault with intent to rob while armed charges as to Ms. Brown, Ms. Jones and Mr. Wilkerson, where the unrefuted evidence shows the perpetrator's attention was directed to Mr. Leonard and to the safe, and the perpetrator expressly refused personal money belonging to the three employees.

III.    The lower court abused its discretion by failing to instruct the jury sua sponte on attempted armed robbery as a lesser offense of assault with intent to rob while armed.

IV.     Petitioner's state and federal 5th and 14th amendment due process of law and right to a fair trial was [sic] violated when the prosecutor misrepresented key evidence to sustain a conviction.

V.      Petitioner's state and federal 6th and 14th amendment effective assistance of trial counsel [and] right to a fair trial was [sic] violated when trial counsel failed to object to the prosecutor's admission and misrepresentation of false/tainted evidence.

VI.     Petitioner was deprived of his state and federal 6th and 14th amendment effective assistance of trial counsel and right to a fair trial when counsel failed to obtain the police radio run tape from the prosecutor after the trial court granted counsel's motion to preserve the tape.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to Wayne County Circuit Court to raise the claims indicated above. He has also moved for the appointment of counsel.

## II. Discussion

### A. Stay and Abeyance

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition

in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 30 days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within thirty days of receiving this Court's order and returning to federal court

4

within thirty days of completing the exhaustion of his state court post-conviction remedies. *Id.;Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under Mich. Ct. Rule 6.500, *et seq.*[1]   A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct .Rules 6.505-6.507, 6.508 (B) and (C).   Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.  Mich. Ct .Rules 6.509, 7.203, 7.302.   *See also, Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### B.  Appointment of Counsel

In light of the above, the Court will also deny the motion for the appointment of

---

1. This Court would also caution Petitioner that, if any of the claims in the current petition were not fully and fairly presented to the state courts as federal questions, the motion for relief from judgment would also provide the opportunity to so present them.  Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir.2003). In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the claim in terms of the pertinent federal constitutional law (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law. See *Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir.2004) (citing McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir.2000)). A petitioner need not cite "chapter and verse" of constitutional law, *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987), but "[g]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated." *McMeans*, 228 F.3d at 681 (citation omitted).

5

counsel.  Even if the petition was not being held in abeyance, there is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002); *cert. den.* 123 S. Ct. 1793 (2003); *reh. den.* 123 S. Ct. 2666 (2003); *Tapia v. Lemaster*, 172 F. 3d 1193, 1196 (10th Cir. 1999).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).  The Court does not so find at this time.

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **thirty (30) days of receipt of this Court's order.**  If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the claims.  The petitioner shall re-file a habeas petition within 30 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains his newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket

6

entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F.

Supp. 2d at 677.

      **IT IS FURTHER ORDERED** that Petitioner's Motion for Counsel is **DENIED.**

                                            S/Victoria A. Roberts         
                                            Victoria A. Roberts
                                            United States District Judge

Dated:  June 22, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 22, 2005.

s/Carol A. Pinegar
Deputy Clerk

---